UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEANN SMITH-DURONCELET,<br><br>   Plaintiff,<br><br>   v.<br><br>PLACER COUNTY COURT, et al.,<br><br>   Defendants. | No. 2:14-cv-02358-MCE-DAD<br><br>**ORDER** |

On October 8, 2014, Plaintiff Joeann Smith-Duroncelet ("Plaintiff") initiated this action and moved for a preliminary injunction. ECF No. 1. Plaintiff requests that the Court enjoin Defendants Placer County Court, People of the State of California, and Franz Stuart Sandenas (collectively, "Defendants") from continuing a criminal case against her and seeks to prevent Defendants from conducting a competency hearing. Id.[1] Plaintiff's motion is deficient as filed. Local Rule 231(d), which governs the filing of motions for preliminary injunctions in this district, requires that "[a]ll motions for preliminary injunction . . . be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond."

---

[1] Plaintiff alleges that "[a] 'Secret Silent Reverse Satanic Scientific Communist CULT and/or SECT Society' commenced 'criminal' proceedings against" her. ECF No. 1 at 3 (emphasis in original).

1

Plaintiff failed to attach any affidavits in support of her motion.  Plaintiff's failure to submit any affidavits in support of her Motion is fatal.

Plaintiff seeks to block state court criminal proceedings that stem from her arrest on April 7, 2014, and the filing of a criminal complaint against her on April 9, 2014.  ECF No. 1.  The Court finds that the delay between Plaintiff's arrest and the subsequent commencement of criminal proceedings against Plaintiff and the filing of her "emergency petition" on October 8, 2014, contradicts Plaintiff's claims of irreparable injury.  See Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985); see, e.g., Occupy Sacramento v. City of Sacramento, 2:11–CV–02873–MCE, 2011 WL 5374748 (E.D. Cal. Nov. 4, 2011) (denying application for TRO for twenty-five day delay).[2]  For these reasons, Plaintiff's Motion for a Preliminary Injunction (ECF No. 1) is DENIED.[3]

IT IS SO ORDERED.

Dated:  October 8, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Even construed as an application for a temporary restraining order, Plaintiff's application fails because it is procedurally deficient.  See E.D. Cal. Local R. 231(c).

[3] Plaintiff is cautioned that in the future, she must scrupulously observe the requirements of the Federal Rules of Civil Procedure as well as this Court's Local Rules and Temporary Restraining Order Procedures prior to filing requests for extraordinary relief.