UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEANN SMITH-DURONCELET,<br><br>Plaintiff,<br><br>v.<br><br>PLACER COUNTY COURT, et al.,<br><br>Defendants. | No.  2:14-cv-2358 MCE DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Joeann Smith-Duroncelet is currently proceeding pro se in this action. Accordingly, the case has been referred to the undersigned pursuant to Local Rule 302(c)(21).

On December 11, 2014, the court issued an order setting a Status (Pretrial Scheduling) Conference before the undersigned on February 13, 2015.  (Dkt. No. 5.)  Pursuant to that order, plaintiff was to file and serve a written status report on or before January 30, 2015.  The order also advised plaintiff that:

> failure to file a timely status report, or failure to appear at the status conference either in person or telephonically, may result in an order imposing an appropriate sanction.  See Local Rules 110 and 183.

(Id. at 2.)

Nonetheless, plaintiff failed to file a timely status report and also failed to appear at the February 13, 2015 Status (Pretrial Scheduling) Conference scheduled by order issued in this

1

action.  Accordingly, on February 17, 2015, the undersigned issued an order to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution.  (Dkt. No. 7.)  Plaintiff was cautioned that failure to file a written response to that order would result in the undersigned recommending that this matter be dismissed.  (Id.)  Nonetheless, the time for plaintiff to respond has expired and plaintiff has not responded to the court's order in any way.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff failed to file a status report, failed to appear at the Status (Pretrial Scheduling) Conference and failed to respond to the court's order to show cause, in violation of this court's orders and multiple provisions of the Local Rules.  Moreover, the order to show cause specifically warned plaintiff that the failure to file a written response to that order would result in a recommendation that this matter be dismissed.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to

manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as the failure to comply with the court's orders. See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 8, 2014 complaint (Dkt. No. 1) be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 26, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\duroncelet2358.dlop.f&rs.docx